**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JUSTIN JAMES EDMISTON,

Plaintiff,

v.

STEVE MILLER, *et al.*,

Defendants.

Case No. 2:24-cv-00498-RFB-MDC

**SCREENING ORDER**

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil-rights complaint[1] ("FAC") and an application to proceed *in forma pauperis* ("IFP"). ECF Nos. 4, 4-1, 8. The Court now screens Plaintiff's[2] FAC under 28 U.S.C. § 1915A and addresses the IFP application.

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. §§ 1915A(b)(1),

[1] The filing that initiated this case was not readable, so the Court instructed Plaintiff to file a legible complaint. ECF No. 3. The FAC is readable (see ECF No. 4-1), but it is not presented as a typical prisoner civil-rights case. Although the FAC is on this Court's approved form for prisoner civil-rights complaints, Plaintiff did not check a box to indicate that he is bringing civil-rights claims against state actors under 42 U.S.C. § 1983, or against federal actors under Bivens. See id. at 1. Instead, Plaintiff checked a box to indicate that he is bringing claims based on other assorted caselaw and a criminal statute. Id.

[2] The Court spells Plaintiff's last name "Edmiston" on the docket of this case, and that spelling appears to be consistent with Plaintiff's primary listing in the NDOC database. See ECF No. 8. Plaintiff, however, spells it "Edmisten" in the caption of the FAC. ECF No. 4-1 at 1. To be clear, both spellings refer to Plaintiff, as both spellings correspond to NDOC Offender ID # 1047583. This Court has also docketed cases from Plaintiff under the alternate spelling in the past. See, e.g., Edmisten v. Gittere, et al., 3:22-cv-00118-RCJ-CLB (D. Nev.).

(2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. Id. at 723–24. In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations. When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable—like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist—as well as claims based on fanciful factual allegations like fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

**II. SUMMARY OF THE FAC**

The FAC arises out of two prior cases Plaintiff filed in this Court. Plaintiff sues multiple Defendants for their involvement in those cases. The Court will summarize those cases before turning to the substance of the FAC.

**A. Case No. 3:21-cv-245 ("Excessive Force Case")**

In Edmiston v. Saucedo, et al., Plaintiff sued three prison officials—Ricardo Saucedo, James Weiland, and William Gittere—for an alleged incident of excessive force at Ely State Prison in April 2021. See Edmiston v. Saucedo, et al., No. 3:21-cv-245-MMD-CSD, ECF No. 37 (D. Nev. June 6, 2022) (order screening second amended complaint). Plaintiff filed a motion for summary judgment on his excessive force claim against Saucedo, and Magistrate Judge Craig Denney issued a report and recommendation ("R&R") recommending that the motion be denied. Id., ECF No. 53 (D. Nev. Aug. 30, 2022). The Court adopted the R&R over Plaintiff's objection. Id., ECF No. 74 (D. Nev. Oct. 31, 2022). The Court held a trial on May 8 and 9, 2024, and a jury found in favor of the Defendants. Id., ECF No. 163 (D. Nev. May 9, 2024). Plaintiff appealed, and the Ninth Circuit summarily affirmed the judgment. Id., ECF No. 179 (D. Nev. Oct. 21, 2024).

**B. Case No. 3:22-cv-118 ("Habeas Corpus Case")**

In Edmisten v. Gittere, et al., Plaintiff filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging an August 2018 state court criminal judgment. See Edmisten v. Gittere,

et al., No. 3:22-cv-118-RCJ-CLB, ECF No. 22 (D. Nev. July 21, 2022) (order conducting preliminary review of amended petition). Plaintiff (in this case, referred to as "Petitioner") voluntarily abandoned certain unexhausted claims, resulting in those claims being dismissed without prejudice. Id., ECF No. 64 (D. Nev. Nov. 30, 2022). Judge Robert Jones then dismissed the remaining claims, denied the amended petition, and denied a certificate of appealability ("COA"). Id., ECF No. 92 (D. Nev. Aug. 10, 2023). Plaintiff filed two notices of appeal, and in a consolidated order, Ninth Circuit Judges Owens and Collins summarily denied a COA while denying Plaintiff's pending motions as moot. Id., ECF No. 115 (D. Nev. Mar. 1, 2024).

**C. This Case**

In this case, Plaintiff's allegations are generally hard to follow, but liberally construing the FAC, it is clear that Plaintiff is taking issue with various rulings in the Excessive Force Case and Habeas Corpus Case. From the Excessive Force Case, Plaintiff sues Magistrate Judge Denney and Defendant Ricardo Saucedo. When Plaintiff filed the FAC, the trial in the Excessive Force Case had occurred about two weeks prior, and his appeal in that case was pending. The FAC seems to allege that: (1) Judge Denney erred in recommending that Plaintiff's motion for summary judgment against Saucedo be denied;[3] and (2) the jury was biased.

From the Habeas Corpus Case, Plaintiff sues Judge Jones, Magistrate Judge Carla Baldwin (who was the assigned Magistrate Judge, but did not make any rulings), attorney John Dorame (who represented Respondent for a time), and Ninth Circuit Judges Owens and Collins. (Id. at 1–2). The FAC seems to allege that: (1) the habeas petition had merit; and (2) Judges Owens and Collins erred in denying a COA and denying all pending motions as moot.

Based on these allegations, Plaintiff brings claims of "conspiracy against rights." As relief, Plaintiff requests a declaratory judgment, reversal of the challenged rulings in the Excessive Force Case and Habeas Corpus Case, and the issuance of a COA in the Habeas Corpus Case.

[3] Plaintiff also sues Steve Miller, allegedly a judge on the Ninth Circuit. But there is no judge by that name on the Ninth Circuit. Perhaps Plaintiff is referring to Judge *Eric* Miller, who was one of the Ninth Circuit judges that rejected Plaintiff's attempt to appeal and/or obtain mandamus relief for Judge Denney's recommendation. See Edmiston v. Saucedo, et al., No. 3:21-cv-245-MMD-CSD, ECF No. 72 (D. Nev. Oct. 6, 2022).

## III. ANALYSIS OF CLAIMS

The Court dismisses the FAC without prejudice, but without leave to amend, for failure to state a claim and as frivolous. Granting leave to amend would be futile in this case, as filing a separate civil case is not a proper way for Plaintiff to challenge rulings in his prior cases.

First, the Court finds that Plaintiff fails to state a colorable conspiracy claim. Plaintiff bases his conspiracy claim on 18 U.S.C. § 241. This claim fails as a matter of law because that is a "criminal statute[] that do[es] not give rise to civil liability." Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980)). To the extent the FAC can be liberally construed to bring a civil conspiracy claim under 42 U.S.C. § 1983, that claim also fails as a matter of law because "[c]onspiracy is not itself a constitutional tort under § 1983. It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (citations omitted). Plaintiff identifies no such underlying constitutional violation here. Instead, Plaintiff alleges that Defendants agreed to "get together and deprive an inhabitant by misuse of power" through adverse rulings in the Excessive Force Case and Habeas Corpus Case. That allegation is not supported by any facts whatsoever, and it does not identify an underlying constitutional violation, so it is not enough to state a conspiracy claim. See Twombly, 550 U.S. at 555 (holding that a colorable claim requires "more than labels and conclusions").

Second, the Court finds that any attempt to relitigate issues already decided in the Excessive Force Case and Habeas Corpus Case is frivolous. See Cato, 70 F.3d at 1105 n.2 (holding that courts may dismiss an action as frivolous where the complaint "merely repeats pending or previously litigated claims"). Plaintiff had an opportunity to raise those issues in the prior cases, and the record reflects that he availed himself of that opportunity by actively litigating each case in the District Court and appealing each case to the Ninth Circuit. Plaintiff may be dissatisfied with the outcomes of those cases, but it is a waste of time and resources for Plaintiff to register that dissatisfaction by filing a separate civil case on the subject. See Gonzalez-Castillo v. Barr, No. 2:21-cv-144-RFB, 2021 WL 1082008, at *1 (D. Nev. Feb. 3, 2021) (quoting Adams v. California,

487 F.3d 684, 689 (9th Cir. 2007) ("Dismissal of a duplicative lawsuit 'promotes judicial economy and the comprehensive disposition of litigation.'")).

**IV. CONCLUSION**

The Clerk of Court is directed to file the FAC. (ECF No. 4-1).

**THEREFORE, IT IS HEREBY ORDERED** that the operative complaint is the FAC. (ECF No. 4-1).

**IT IS FURTHER ORDERED** that the FAC (ECF No. 4-1) is **DISMISSED** in its entirety, without prejudice and without leave to amend, for failure to state a claim and as frivolous.

**IT IS FURTHER ORDERED** that the IFP application (ECF Nos. 4, 8) is **DENIED** as moot.

**IT IS FURTHER CERTIFIED** that any appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a), so the Court will not grant Plaintiff IFP status on any appeal.

The Clerk of Court is further directed to enter judgment accordingly, and to close this case.

**DATED:** April 7, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**